HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ARTHUR HARRIS,

       Plaintiff,

v.

XAVIER BECERRA, et al.,

       Defendants.

CASE NO. 2:17-cv-1802-RAJ

ORDER

This matter comes before the court on Plaintiff's motion to appoint counsel. Dkt. # 4. For the reasons that follow, the Court **DENIES** the motion.

## BACKGROUND

Plaintiff purchased a condominium in Vallejo, California, on or about September 29, 2015. Dkt. # 1-10 at 1. On June 8, 2016, Plaintiff allegedly received two tax assessments from Solano County, California. *See* Dkt. # 1-11. Plaintiff subsequently challenged these taxes, and an assessment of homeowners' association (HOA) fees, in small claims court in Solano County. Dkt. # 1-12. After unsuccessfully litigating his claims in small claims court, Plaintiff filed the current action. *See* Dkt. # 1 at 7. Plaintiff's complaint restates the same grievances presented to the small claims court: that

Defendants impermissibly assessed and attempted to collect property taxes and HOA fees. Dkt. # 1 at 3–6.

Specifically, Plaintiff alleges that he not liable for paying property taxes because he, as a mortgagor, is not the true owner of property in question. Dkt. # 1-8 at 1. Plaintiff's theory is that the mortgage company is responsible for paying property taxes until he satisfies the mortgage lien. *Id*. at 2. Additionally, Plaintiff alleges that he is not responsible for paying HOA fees on the theory that California's Davis-Stirling Act—the state statute allowing HOAs to levy assessments on constituent owners—is unconstitutional. *See id*. # 1-8 at 3–6; Cal. Civ. Code § 4000 *et seq*. (Section 5600 of the code specifically provides for the levy of assessments by a HOA). Plaintiff asserts that HOA fees are actually taxes and that only the government, in accordance with the Sixteenth Amendment, is allowed to levy and collect taxes. *See* Dkt. # 1-1 at 4.

## DISCUSSION

"Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Courts, however, do have discretion under 28 U.S.C. § 1915 to appoint counsel for indigent parties in civil actions. *See* 28 U.S.C. § 1915(e)(1); *United States v. McQuade*, 579 F.2d 1180, 1181 (9th Cir. 1978). A court's decision to appoint counsel for a litigant in a civil action "is a privilege and not a right." *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965). Courts only exercise their discretion to appoint counsel in "exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1235 (9th Cir. 1983)).

When determining whether "exceptional circumstances" exist, courts weigh "the [petitioner's] likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); *see also Agymen*, 290 F.3d at 1104 (finding "exceptional circumstances" in a case involving a complex legal theory); *Bryd v.*

*Maricopa Cnty. Bd. Of Supervisors*, 845 F.3d 919, 925 (9th Cir. 2017) (finding "exceptional circumstances" in the case of a plaintiff with a viable claim but a "limited ability to articulate his claims pro se"); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (finding no "exceptional circumstances" when the petitioner "demonstrated sufficient writing ability and legal knowledge" and the issue was not of "substantial complexity"). Neither of the *Weygandt* factors are dispositive on their own; courts must consider both before deciding whether to grant a motion to appoint counsel. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). The fact that a *pro se* litigant would be "better served with the assistance of counsel" is not enough, on its own, for the appointment of counsel for a civil case. *See Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F. 3d 952 (9th Cir. 1998). Instead, the petitioner seeking representation bears the burden of demonstrating exceptional circumstances necessitating the appointment of counsel. *Manson v. Washington Health Care. Auth.*, No. C17-0207-JLR, 2017 WL 1198370, at *1 (W.D. Wash. Mar. 31, 2017) (citing *Brogdon v. City of Phoenix Dep't*, No. CV-11-01389-PHX-RCB(MEA), 2013 WL 3155116, at *1 (D. Ariz. June 19, 2013).

As an initial matter, Plaintiff qualifies as an indigent person in a civil proceeding that might qualify for the appointment of counsel. *See* Dkt. # 2 (Order Granting Application to Proceed In Forma Pauperis). Plaintiff's pleadings, though, do not indicate an extraordinary circumstance necessitating the appointment of counsel. Plaintiff's pleadings do not demonstrate a likelihood of success on the merits or an inability to proceed without the appointment of counsel.

**a. Likelihood of Plaintiff's Success on the Merits**

First, Plaintiff claims he does not have to pay property taxes on his condominium because the lender is the true owner of the real property. This is legally incorrect. While it is true that Plaintiff does hold a deed of ownership of the condominium, this does not absolve Plaintiff, under California law, of a responsibility to pay property taxes. *See Sav.*

*& Loan Soc. v. Austin*, 46 Cal. 415, 485 (Cal. 1873) ("We all know, as a matter of general notoriety, that almost universally . . . the mortgagor is required to pay tax . . . on the land[.]"); *Osuna v. Albertson*, 184 Cal. Rptr. 3d 338, 341 (Cal. Ct. App. July 22, 1982) (a mortgagor who fails to pay property taxes is liable to a mortgagee in an action for waste). Not only is Plaintiff's position legally incorrect, it is also refuted by Plaintiff's own admissions. *See* Dkt. # 1-12 at 1–2 (Plaintiff admitted to signing a mortgage with the condition that he "pay the general property tax through the lending company.").

Second, Plaintiff claims he is not responsible for paying HOA fees because those fees are analogous to taxes and only the government, not private entities, can levy taxes. Plaintiff uses the Sixteenth Amendment to buttress this claim. Plaintiff is mistaken for multiple reasons. First, the Sixteenth Amendment only allows the federal government to levy taxes on income; this Amendment has no bearing on a municipal corporation's power to levy and collect property taxes. *See* U.S. Const. amend. XVI. Second, California Civil Code § 5600 permits common interest developments to levy regular assessments to cover their expenses. These assessments are not taxes as Plaintiff claims, but rather lawful fees imposed by a state-authorized homeowners' association against its constituent members.

For the foregoing reasons, Plaintiff does not have a high likelihood of success on the merits warranting the court appointment of counsel.

**b. Plaintiff's Ability to Proceed without Counsel**

First, this case involves relatively straightforward issues of contract, property, tax, and constitutional law that do not require the appointment of counsel as a matter of law. Additionally, Plaintiff's *pro se* filings demonstrate that he has sufficient ability to articulate legal arguments—notwithstanding the dubious legal support for those arguments. These two considerations militate against the Court's appointment of counsel. Undoubtedly, Plaintiff would be "better served" if the Court appointed counsel, but the prospect of better representation is not an exceptional circumstance justifying the Court's

appointment of counsel for a civil litigant. *See Rand*, 113 F.3d at 1525. For these reasons, the Court finds that Plaintiff is capable of proceeding without counsel.

## CONCLUSION

Plaintiff failed to meet his burden of demonstrating an exceptional circumstance warranting the appointment of counsel. Therefore, the Court **DENIES** the motion. Dkt. # 4.

Dated this 25th day of May, 2018.

The Honorable Richard A. Jones
United States District Judge

ORDER- 5