HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ARTHUR HARRIS,

    Plaintiff,

v.

XAVIER BECERRA, et al.,

    Defendants.

CASE NO. 2:17-cv-1802-RAJ

ORDER

This matter comes before the Court on Defendants Terrace Park Homeowners Association's ("Association") and The Helsing Group Inc.'s ("Helsing") (collectively, "Defendants") Motion to Dismiss (Dkt. # 19), Plaintiff Arthur Harris' ("Plaintiff") Motion for Default Judgment (Dkt. # 39), and Plaintiff's Motion for Transfer (Dkt. # 41). Plaintiff has made two filings in opposition to Defendants' Motion to Dismiss (Dkt. ## 26, 29), and Defendants have filed a Reply (Dkt. # 37). Defendants have not responded to Plaintiff's Motions.

For the reasons that follow, the Court **GRANTS IN PART** Defendants' Motion to Dismiss, and **DISMISSES** Plaintiff's claims **WITHOUT PREJUDICE** due to lack of personal jurisdiction. The Court also **DENIES** Plaintiff's Motion for Default Judgment and Motion to Transfer.

## I. BACKGROUND

Plaintiff purchased a condominium in Vallejo, California, on or about September 29, 2015. Dkt. # 1-10 at 1. On June 8, 2016, Plaintiff allegedly received two tax assessments from Solano County, California. *See* Dkt. # 1-11. Plaintiff subsequently challenged these taxes, and an assessment of homeowners' association ("HOA") fees, in small claims court in Solano County. Dkt. # 1-12. After unsuccessfully litigating his claims in small claims court, Plaintiff filed the current action. *See* Dkt. # 1 at 7.

Plaintiff's Complaint restates the same claims presented to the small claims court: that Defendants impermissibly assessed and attempted to collect property taxes and HOA fees. Dkt. # 1 at 3–6. Specifically, Plaintiff alleges that he not liable for paying property taxes because he, as a mortgagor, is not the true owner of property in question. Dkt. # 1-8 at 1. Plaintiff's theory is that the mortgage company is responsible for paying property taxes until he satisfies the mortgage lien. *Id*. at 2. Additionally, Plaintiff alleges that he is not responsible for paying HOA fees on the theory that California's Davis-Stirling Act—the state statute allowing HOAs to levy assessments on constituent owners—is unconstitutional. *See id*. # 1-8 at 3–6; Cal. Civ. Code § 4000 *et seq*. Plaintiff asserts that HOA fees are actually taxes and that only the government, in accordance with the Sixteenth Amendment, is allowed to levy and collect taxes. *See* Dkt. # 1-1 at 4.

On December 11, 2017 Plaintiff amended his original Complaint to add Helsing and Association as additional Defendants, and apparently remove Xavier Becerra, Charles Lomeli, and Marc Tonnesen as Defendants. Dkt. # 7.[1] Plaintiff's Amended Complaint against Helsing and Association again alleges that Defendants Helsing and Association, two California entities, impermissibly assessed HOA fees against Plaintiff

---

[1] Plaintiff attempted to supplement this Amended Complaint with additional amendments, but the Court advised Plaintiff that it would not consider these filings because they did not comply with Local Civil Rule 15. Dkt. # 31.

for his California condominium. *Id*. Following this Amended Pleading, Defendants Helsing and Association are the only remaining Defendants. *Id*.

On June 26, 2018, Defendants filed their Motion to Dismiss pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6). Dkt. # 19. A day later, Plaintiff filed a motion for default judgment against Defendants, which this Court denied on July 5, 2018. Dkt. ## 23, 31. Plaintiff also filed two papers in response to the Motion to Dismiss on July 2 and 5, 2018. Dkt. ## 26, 29. On September 20, 2018, Plaintiff filed another Motion for Default Judgment against Defendants. Dkt. # 39. Plaintiff also filed a Motion to Transfer on October 31, 2018. Dkt. # 41.

## II. DISCUSSION

### A. Motion to Dismiss

Defendants move to dismiss Plaintiff's Complaint on three grounds: (1) lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1); (2) lack of personal jurisdiction pursuant to Fed. R. Civ. P 12(b)(2); and (3) failure to state a claim pursuant to Fed. R. CIv. P. 12(b)(6). Dkt. # 19.

Defendants first claim that this Court lacks subject matter jurisdiction because Plaintiff claims to be a citizen of both Washington and California, and that there is therefore no complete diversity because Defendants are California entities. Dkt. # 19 at 2-3. In diversity cases, federal district courts are vested with original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the parties are citizens of different states. 28 U.S.C. § 1332(a)(1). A person's state citizenship is determined by their state of domicile, not their state of residence. *Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person is domiciled in a location "where he or she has established a fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely." *Lew v. Moss*, 797 F.2d 747, 749–50 (9th Cir. 1986). Here, Plaintiff contends that he has "citizenship" in both Washington and California. Dkt. # 3 at 4; Dkt. # 7 at 4. It is not clear to this Court, however, that

Plaintiff is aware of the distinction between owning property in a state and being domiciled in that state, as Plaintiff claims he was living, and still lives, in Washington when he filed this lawsuit. Dkt. # 26 at 2. This would seem to indicate that Plaintiff is domiciled in Washington. Defendants do not address this distinction, and the Court does not find sufficient reason, at this point, to dismiss this action on subject matter jurisdiction grounds.

However, the Court does find good reason to grant Defendants' request to dismiss this action for lack of personal jurisdiction. Dkt. # 19 at 3-5. Plaintiff has the burden of establishing personal jurisdiction. *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995). "It is well established that where the district court relies solely on affidavits and discovery materials, the plaintiff need only establish a *prima facie* case of jurisdiction." *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 587 n.3 (9th Cir. 1993). "Federal courts apply state law to determine the bounds of their jurisdiction over a party." *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1020 (9th Cir. 2017) (citing Fed. R. Civ. P. 4(k)(1)(A)). Washington's long-arm statute, RCW 4.28.185, "extends jurisdiction to the limit of federal due process." *Shute v. Carnival Cruise Lines*, 113 Wn. 2d 763, 771, 783 P.2d 78 (1989). The due process clause grants the court jurisdiction over defendants who have "certain minimum contacts . . . such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Personal jurisdiction can be found on either of two theories: general jurisdiction and specific jurisdiction. *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). A defendant with "substantial" or "continuous and systematic" contacts with the forum state is subject to general jurisdiction. *Id*. "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (internal quotations omitted).

Here, Plaintiff has not identified any basis for general jurisdiction over Defendants, and wholly fails to address Defendants' arguments as to personal jurisdiction. At the outset, the Court considers this lack of a response as an admission that on this point, Defendants' Motion to Dismiss has merit. *See* Local Civil Rule 7(b)(2). Moreover, the record indicates that general jurisdiction does not exist for either remaining Defendant. The only two remaining Defendants are both California corporations, and both have their principal places of business in California. Dkt. # 7 at 4; *see also* Dkt. ## 20, 21. Defendants also represent that neither entity has an office or employees in Washington, which Plaintiff does not contest. Dkt. # 19 at 3. Defendants argue that both operate exclusively in California, and Plaintiff has failed to allege otherwise. *Id*. In fact, Plaintiff has failed to allege *any* contacts between Defendants and Washington, to say nothing of contacts that are "substantial" or "continuous and systematic."

As for specific jurisdiction, the Court applies a three-part test to determine whether the exercise of specific jurisdiction over a non-resident defendant is appropriate: (1) the defendant has either purposefully directed his activities toward the forum or purposely availed himself of the privileges of conducting activities in the forum, (2) the plaintiff's claims arise out of the defendant's forum-related activities, and (3) exercise of jurisdiction is reasonable. *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017). On the first prong, to have purposely availed itself of the privilege of doing business in the forum, a defendant must have performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state. *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990). The Ninth Circuit evaluates purposeful direction using the *Calder* effects test, which examines whether the defendant (a) committed an intentional act, (b) expressly aimed at the forum state, (c) causing harm that the defendant knows is likely to be suffered in the forum state. *Schwarzenegger*, 374 F.3d at 803 (citing *Calder v. Jones*, 465 U.S. 783 (1984)).

The record is devoid of any indication that Defendants have purposefully availed themselves to this forum. Throughout this litigation, Plaintiff has not alleged any conduct, intentional or otherwise, from Defendants that has reached Washington. Rather, by its nature, this lawsuit is centered around a dispute in California, with California entities, based on California law. Dkt. ## 1, 7. The Court finds that Plaintiff has not satisfied the first prong of the test for specific personal jurisdiction, and thus the Court's jurisdictional analysis will end. *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006) ("[Plaintiff's] arguments fail under the first prong. Accordingly, we need not address [the remaining two prongs]."). There is simply no basis to exercise personal jurisdiction over Defendants in this lawsuit as there is no identifiable contact or link between Defendants and Washington.

Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, pursuant to Rule 12(b)(2).[2] The Court will thus **DISMISS WITHOUT PREJUDICE** Plaintiff's claims against Defendants.

B.   **Plaintiff's Outstanding Motions**

Plaintiff has two other outstanding motions in this case: a Motion for Default Judgment (Dkt. # 39) and a Motion to Transfer (Dkt. # 41). The Court will deny both motions.

First, Plaintiff's Motion for Default, like his previous motion for default, fails because Defendants have "otherwise defended" in this action by way of their Motion to Dismiss. *See* Dkt. # 31; *see also* Fed. R. Civ. P. 55(a). The Court **DENIES** Plaintiff's Motion for Default for the same reasons.

Second, Plaintiff's Motion to Transfer, though unopposed, fails because Plaintiff has failed to make the requisite showing for such a transfer, and because the request is

---

[2] Because the Court dismisses this case due to lack of personal jurisdiction, it will not reach Defendant's Rule 12(b)(6) motion. Dkt. # 19 at 5-9.

ORDER- 6

moot. Dkt. # 41.  To support a motion to transfer under Section 1404(a), the moving party must first show the proposed transferee court possesses subject matter jurisdiction over the action, the parties would be subject to personal jurisdiction in the transferee court, and venue would have been proper in the transferee court.  *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960); *A.J. Indus., Inc. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 503 F.2d 384, 386 (9th Cir. 1974).  Plaintiff's Motion to Transfer makes no such showing; instead, it merely asserts that Plaintiff has filed a similar federal case in Sacramento, and includes a vague worry that this Court will not be fair to him.  Dkt. # 41 at 2.  These assertions, without more, fail to satisfy the statutory criteria, and the Court cannot make such findings of its own accord based on the current record.  Moreover, because the Court is dismissing Plaintiff's claims without prejudice for lack of personal jurisdiction, Plaintiff's request for transfer is now moot.  Accordingly, the Court **DENIES** Plaintiff's Motion to Transfer.

### III. CONCLUSION

For the foregoing reasons the Court **GRANTS IN PART** Defendants' Motion to Dismiss (Dkt. # 19).  Plaintiff's claims against Defendants are hereby **DISMISSED WITHOUT PREJUDICE** due to lack of personal jurisdiction over Defendants.  Additionally, the Court **DENIES** Plaintiff's Motion for Default (Dkt. # 39) and **DENIES** Plaintiff's Motion to Transfer (Dkt. # 41).

Dated this 31st day of January, 2019.

The Honorable Richard A. Jones
United States District Judge